Paul **NORMAN**, Plaintiff—Appellant,

v.

**UNITED STATES of America,**
Defendant—Appellee.

No. 06–16741.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2008.

Filed July 29, 2008.

---

Don Paul Badgley, Badgley Mullins Law Group, PLLC, Brian G. Isaacson, Merriam & Isaacson, P.S., Seattle, WA, for Plaintiff–Appellant.

Jonathan S. Cohen, Joan I. Oppenheimer, Francesca U. Tamami, DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

Before: BRUNETTI, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Paul Norman seeks an income tax refund of $11,023 that he claims he overpaid for tax year 2001. On cross-motions for summary judgment, the district court ruled in favor of the United States. We affirm.

In February 2000, Norman acquired 85,398 shares of stock by exercising incentive stock options ("ISOs") granted to him by his employer, Network Appliance, Inc. Although Norman's ISO discount exceeded $4.5 million, by holding the shares rather than cashing in he avoided realizing any income on the transaction for regular tax purposes in 2000. *See* I.R.C. § 421(a)(1).

For purposes of the Alternative Minimum Tax ("AMT"), however, the discount was taxable income, and he paid AMT in 2000 as a result. *See* I.R.C. §§ 56(b)(3), 83(a). Moreover, the investment strategy left him exposed to market risk. Not long after he acquired the shares, the dot-com bubble burst and the stock price plummeted. By the time Norman sold his shares in 2001, they had lost three-quarters of their value from the acquisition date. For regular income tax purposes, Norman still realized a capital gain of approximately $1 million. But for AMT purposes, he realized a capital loss exceeding $3.5 million.

On his original 2001 return, Norman reported an income tax liability of $11,023 and paid the entire amount. He later filed an amended return, however, in which he deducted his $3.5 million AMT capital loss, claimed regular tax credits equal to his gross tax liability, reported no tax liability, and requested a full refund. He sued the United States after the Internal Revenue Service took no action on the refund request.

Although he contested the issue in the district court, Norman now concedes that I.R.C. § 1211(b), which caps deductible capital losses at $3,000 in excess of capital gains for purposes of computing regular taxable income, also applies to the determination of AMT income. Nonetheless, he still maintains that I.R.C. § 56 establishes a "sequential formula" that allows him to fully deduct his AMT capital loss as an alternative tax net operating loss ("ATNOL") under I.R.C. § 56(d)(2)(A)(i) notwithstanding the limitations on capital loss deductions in I.R.C. §§ 172(d) and 1211(b).

We reject Norman's reading of I.R.C. § 56. Norman cannot claim any ATNOL

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because § 172(d)(2)(A) fully applies to the calculation of ATNOL under § 56(d) and disallows the deduction of any individual capital losses in excess of capital gains. *Kadillak v. Comm'r,* 534 F.3d 1197 (9th Cir.2008); *Merlo v. Comm'r,* 492 F.3d 618, 623–24 (5th Cir.2007). His AMT capital losses are deductible only directly against AMT income, and that deduction is capped at $3,000 in excess of AMT capital gains pursuant to § 1211(b).

**AFFIRMED.**